IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDY BUSBY QUIMBY,                                    CV. 05-1406-MO

        Plaintiff,                                    ORDER

    v.

OREGON   DEPARTMENT   OF
CORRECTIONS,   SNAKE   RIVER
CORRECTIONAL INSTITUTION, STATE
OF OREGON, JOHN PERRY, CHRIS
POWELL, DALE JOHNSON, and JEAN
HILL,

        Defendants.

MOSMAN, District Judge.

    This *pro se* civil rights action comes before the court on defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss.  Defendants ask the court to dismiss this case because all defendants are immune from suit pursuant to the Eleventh Amendment.  For the reasons which follow, the Motion to Dismiss (#24) is GRANTED IN PART and DENIED IN PART.

///

1 - ORDER

**STANDARDS**

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. Id at 1484. Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. Id. From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

**DISCUSSION**

"It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Savage v. Glendale

2 - ORDER

Union High School, 343 F.3d 1036, 1040 (9th Cir. 2003).  Similarly, suits for damages brought against state employees acting in their official capacities are barred by the Eleventh Amendment under the theory that the suit is actually against the State, not the individual.  Kentucky v. Graham, 473 U.S. 159 (1985); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).

Here, plaintiff sues defendants for $34,165,000.  The Oregon Department of Corrections, Snake River Correctional Institution, and the State of Oregon are all clearly entitled to Eleventh Amendment immunity.  However, while defendants characterize this lawsuit as brought against defendants Perry, Powell, Johnson, and Hill in their official capacities, there is no clear indication of plaintiff's intent to do so.  Construing the pro se Amended Complaint liberally, the court concludes that plaintiff filed this lawsuit against these defendants in their individual capacities. Accordingly, Eleventh Amendment immunity does not shield defendants Perry, Powell, Johnson, and Hill from suit.  This case may therefore continue against these defendants.

## CONCLUSION

Defendants' Motion to Dismiss (#24) is GRANTED to the extent that the Oregon Department of Corrections, the Snake River Correctional Institution, and the State of Oregon are DISMISSED from this lawsuit on the basis that they are immune from suit.  The

3 - ORDER

Motion to Dismiss is DENIED as to defendants Perry, Powell, Johnson, and Hill who shall remain defendants to this lawsuit.

Defendants' Motion to Stay Discovery (#23) pending the resolution of the Motion to Dismiss is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this __15__ day of May, 2006.


       __/s/Michael W. Mosman_____
         Michael W. Mosman
         United States District Judge

4 - ORDER