IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDIE BUSBY QUIMBY,                                              CV. 05-1406-MO

        Plaintiff,                       ORDER TO DISMISS

   v.

JOHN PERRY, CHRIS POWELL, DALE
M. JOHNSON, and JEAN HILL,

        Defendants.

MOSMAN, District Judge.

    Plaintiff filed this civil action on September 9, 2005 against the Oregon Department of Corrections and the Snake River Correctional Institution. It should be noted that plaintiff is not incarcerated, and he paid the full filing fee for this case.

    On December 6, 2005, plaintiff moved for default judgment on the basis that defendants had not answered the Complaint within 20 days. The court ordered defendants to show cause why default judgment should not be entered, and defendants satisfied the

1 - ORDER TO DISMISS

court's Order to Show Cause on the basis that plaintiff had not served his Complaint on any defendant.

On February 9, 2006, the court dismissed plaintiff's Complaint for failure to state a claim and allowed plaintiff leave to file an amended complaint curing various deficiencies.  More importantly, the court advised plaintiff that he must properly serve the pleading upon the defendants.

On March 3, 2006, plaintiff filed his Amended Complaint and properly served the State of Oregon, which the court dismissed on Eleventh Amendment grounds on May 1, 2006.  The court did, however, deny the remaining defendants' Motion to Dismiss.  Specifically, the court concluded that despite defendants' argument to the contrary, a liberal construction of plaintiff's Amended Complaint revealed that he intended to sue the remaining defendants in their individual capacities.

On July 7, 2006, plaintiff again moved for default judgment against the remaining defendants, and the court again denied the motion in part because plaintiff had not properly served those defendants with his Amended Complaint, therefore they were under no obligation to answer it.

On February 2, 2007, the Attorney General filed a status report informing the court that defendants have still not been properly served.  Plaintiff responded to the status report, but

does not indicate why he has failed to properly serve any of the remaining parties to this lawsuit.

As previously noted, plaintiff's Amended Complaint was filed on March 3, 2006. Service of a pleading must be accomplished within 120 days of service. Fed. R. Civ. P. 4(m). In cases where service is not effected within 120 days of the complaint's filing, the court may, on its own initiative, dismiss the action without prejudice as to those defendants. Id.

In this case, plaintiff should have served defendants on or before July 1, 2006. The court has repeatedly notified plaintiff regarding his failure to properly serve the defendants. Plaintiff has nevertheless failed to properly serve any of the defendants remaining in this action, nor has he otherwise advised the court why he cannot comply with the service requirements. Because plaintiff has had ample opportunity and direction to effectuate service but has not done so, this case is dismissed without prejudice.

## CONCLUSION

This case is DISMISSED, without prejudice, for lack of service.

IT IS SO ORDERED.

DATED this   20th   day of February, 2007.

   /s/Michael W. Mosman   
         Michael W. Mosman
         United States District Judge

3 - ORDER TO DISMISS